**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| STEPHEN LOPES; et al., | No. 20-16033 |
| Plaintiffs-Appellants, | D.C. Nos. 4:18-cv-06665-JST |
| and | 4:18-cv-06922-JST |
| ANANDA PATTI, | MEMORANDUM[*] |
| Plaintiff, | |
| v. | |
| FITBIT, INC.; JAMES PARK, | |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Submitted May 13, 2021[**]
San Francisco, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: THOMAS, Chief Judge, MILLER, Circuit Judge, and RESTANI,[***] Judge.

Plaintiffs appeal the district court's Rule 12(b)(6) dismissal of their complaint alleging violations of Section 10(b) and 20(a) of the Securities Exchange Act and SEC Rule 10b-5. 15 U.S.C. §§ 78j(b), 78t(a); 17 C.F.R. § 240.10b-5. We have jurisdiction pursuant to 28 U.S.C. § 1291, and we affirm. Because the parties are familiar with the history of the case, we need not recount it here. We review a 12(b)(6) dismissal *de novo*, taking Plaintiffs' factual allegations as true. *Oregon Pub. Emps. Ret. Fund v. Apollo Grp. Inc.*, 774 F.3d 598, 603 (9th Cir. 2014).

To adequately plead an action under Section 10(b) or Rule 10b-5, Plaintiffs must allege, among other things, a "material misrepresentation or omission." *Id.* "[A] statement is misleading if it would give a reasonable investor the impression of a state of affairs that differs in a material way from the one that actually exists." *Retail Wholesale & Dep't Store Union Loc. 338 Ret. Fund v. Hewlett-Packard Co.*, 845 F.3d 1268, 1275 (9th Cir. 2017) (internal quotation marks omitted). Plaintiffs argue that statements made by Fitbit's CEO James Park made on the CNBC television program Mad Money were misleading because they challenged the

---

[***] The Honorable Jane A. Restani, Judge for the United States Court of International Trade, sitting by designation.

2

credibility and reliability of an analyst's report that indicated that retailers had too much inventory of a new Fitbit product.

However, the district court properly concluded that this interpretation mischaracterizes Park's statements. In response to a question about whether to "trust the [report] versus what ultimately the results will be," Park disclaimed any comment on the report, saying "without knowing how that analyst did the [report], I can't really say." He then noted several facts that are not inconsistent with the report being credible or with his disclaimer, including that the product had recently begun shipping, and its success on Amazon.com. Near the end of the interview, after the host expressed some skepticism regarding analysts, Park made vague statements about staying true to the company's mission and looking out for shareholders. None of these statements suggest that Park challenged the credibility of the analyst's report, *see Metzler Inv. GMBH v. Corinthian Colls., Inc.*, 540 F.3d 1049, 1064–65 (9th Cir. 2008) (stating that the court is not "required to indulge unwarranted inferences in order to save a complaint from dismissal"), and so Plaintiffs have not adequately pleaded a misrepresentation or omission that would mislead a reasonable investor.

Even if the statements could have been construed as Plaintiffs argue, Plaintiffs have failed to plead facts giving rise to a "strong inference" of scienter.

*See Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 324 (2007) (holding that a strong inference is one that is "cogent and at least as compelling as any opposing inference"). To the contrary, the actual content of the statement raises the inference that Park intended to avoid commenting on the report, while conveying some optimism for the product's ultimate success. For similar reasons, the allegations do not raise a strong inference of deliberate recklessness, as the danger of misleading investors by implication was not "so obvious that the actor must have been aware of it." *In re NVIDIA Corp. Sec. Litig.*, 768 F.3d 1046, 1053 (9th Cir. 2014) (quoting *Hollinger v. Titan Cap. Corp.*, 914 F.2d 1564, 1569 (9th Cir.1990) (en banc)).

The district court also properly dismissed the Section 20(a) claim. A Section 20(a) claim for control person liability requires a primary violation of securities law, *City of Dearborn Heights Act 345 Police & Fire Ret. Sys. v. Align Tech., Inc.*, 856 F.3d 605, 623 (9th Cir. 2017), and Plaintiffs failed to adequately plead a Section 10(b) or Rule 10b-5 violation.

**AFFIRMED.**